581 A.2d 825

Russell W. GOERLICH

v.

COURTNEY INDUSTRIES, INC., et al.

No. 43, Sept. Term, 1990.

Court of Special Appeals of Maryland.

Nov. 7, 1990.

John H. Zink, III (Eileen S. Goldgeier and Venable, Baetjer and Howard, on brief), Towson, for appellant.

Brian S. Jablon (Howard G. Goldberg, Danny B. O'Connor and Smith, Somerville & Case, on brief), Baltimore, for appellees.

Argued before MOYLAN, KARWACKI and ROSALYN B. BELL, JJ.

MOYLAN, Judge.

The appellant, Russell W. Goerlich, was fired from his employment at Courtney Industries, Inc. He filed suit against the corporation and its attorney, the appellee Bernard S. Denick, alleging negligent misrepresentation and legal malpractice. That suit was dismissed by the Circuit Court for Baltimore City. Goerlich has filed this appeal.

In the early 1970's, Goerlich was employed by Pearsall Chemical Corporation in Houston, Texas. There he met James M. Courtney. They became interested in forming an aluminum chloride business. Courtney left Pearsall Chemical in the fall of 1977 and relocated to Baltimore, where he sought to develop such a business. Courtney contacted legal counsel, an accounting firm, banks, and others. Meanwhile, Goerlich remained in the employ of Pearsall.

He did, however, make a number of trips to Baltimore regarding financing negotiations. In December, 1977, Courtney Industries was incorporated as Cortlic Chemical Corporation (a combination of the last names of Courtney and Goerlich). The corporation had five shareholders, with Goerlich and Courtney each owning one-third of the stock and the remaining third divided among three other parties. Goerlich left his employment with Pearsall shortly thereafter to manage the corporation in Baltimore. He served as plant manager of the corporation until October 22, 1982, when he was fired.

Goerlich immediately filed suit against the corporation in the Circuit Court for Baltimore County seeking a declaratory judgment, specific performance, injunctive and ancillary relief, including damages. Goerlich asserted that his firing was in contravention of Article Three of the Shareholders' Agreement, entitled "Management of Corporation," which provided:

"Courtney and Goerlich shall have complete authority to direct the normal daily operation of Corporation, including the hiring, remuneration and firing of employees, purchase of raw materials and related components, sale of finished products and production requirements."

The court ruled that the clause, which purported to give Goerlich employment for the duration of the corporation, was invalid because it was of indefinite duration. The court further ruled that Goerlich was an at-will employee and that his discharge, therefore, was permissible. On appeal, we affirmed that ruling. *Goerlich v. Cortlic Chemical Corp., et al.* (No. 1226, September Term, 1983, filed June 12, 1984).

Thereafter, on July 30, 1985, Goerlich again sued the corporation (whose name was now changed to Courtney Industries, Inc.) and also the appellee Bernard S. Denick, the attorney who prepared the Shareholders' Agreement. Count I of the complaint alleged that the Shareholders' Agreement constituted a misrepresentation that Goerlich would be a managing employee of the corporation for the duration of its existence. Count II alleged that Denick was

guilty of legal malpractice in his drafting of the agreement. An amended complaint and a second amended complaint were later filed. The second amended complaint asserted that oral representations were made that the Shareholders' Agreement guaranteed Goerlich employment for the life of the corporation. It further asserted that Denick negligently failed to advise Goerlich that these oral representations were false and contrary to law and that he (Denick) represented only the interests of the corporation. Both the corporation and Denick filed motions to dismiss. Judge John N. Prevas dismissed the complaint against the corporation on the grounds of *res judicata* based on the prior case filed against the corporation in the Circuit Court for Baltimore County. He also dismissed the complaint against Denick, ruling that the allegations in the second amended complaint were insufficient to state a cause of action. Goerlich only appeals the dismissal of the complaint against Denick.

 Denick was hired by the corporation to draft a shareholders' agreement for the benefit of the corporation. The question becomes whether Goerlich may maintain a cause of action for legal malpractice, including negligent misrepresentation and negligence, against Denick arising from the preparation of that agreement. To maintain an action for professional malpractice, a plaintiff must first satisfy the threshold requirement of alleging and proving the existence of a duty between the plaintiff and the defendant. *Flaherty v. Weinberg*, 303 Md. 116, 492 A.2d 618 (1985). As a general rule, an attorney owes a duty of diligence and care only to his direct client/employer. *Clagett v. Dacy*, 47 Md.App. 23, 420 A.2d 1285 (1980). Goerlich was an officer, director, and shareholder of the corporation as well as the plant manager. Even assuming that there was some contractual privity between Denick and Goerlich in his capacity as an officer, director, and shareholder of the corporation, there was no contractual privity between Denick and Goerlich in his capacity as an employee of the

corporation. Denick was hired by the corporation and not by Goerlich in his individual employment capacity.

Even where there is no contractual privity, however, professional liability in legal malpractice cases has been extended to third persons in certain limited situations. Where the third party can allege and prove that the client intended him to be a third-party beneficiary of the attorney's services and where his interests are identical to those of the client, a suit for legal malpractice may be maintained by that third party. The Court of Appeals in *Flaherty v. Weinberg, supra,* explained the limited application of this exception:

"[W]e think it clear that Maryland, as a general rule, adheres to the strict privity rule in attorney malpractice cases. The sole exception that we have recognized to this rule is the third party beneficiary theory. Although this exception is 'peculiarly applicable' to contract actions, ... its scope has a broader range. In our view, the scope of duty concept in negligence actions may be analogized to the third party beneficiary concept in the context of attorney malpractice cases. Thus, to establish a duty owed by the attorney to the nonclient the latter must allege and prove that the intent of the client to benefit the nonclient was a direct purpose of the transaction or relationship. In this regard, the test for third party recovery is whether the intent to benefit actually existed, not whether there could have been an intent to benefit the third party."

303 Md. at 130–131, 492 A.2d 618. Goerlich does not allege that the direct purpose of the Shareholders' Agreement was to establish an employment relationship between himself and the corporation. That some incidental purpose may have been to provide for Goerlich's employment does not make the appellant an intended third-party beneficiary of the agreement. To hold otherwise would be to "expose the attorney to endless litigation brought by those who might conceivably derive some indirect benefit from the contractu-

al performance of the attorney and his client." *Flaherty v. Weinberg,* 303 Md. at 131, 492 A.2d 618.

Furthermore, the interests of the corporation and of Goerlich as an individual employee were diametrically opposed. It was to the corporation's advantage to be able to hire competent employees and fire those who were not doing their jobs. Such interest is not compatible with a lifetime employment offer ostensibly made to the appellant. The Court in *Flaherty* cautioned that the third-party beneficiary exception "should have limited application in adversarial proceedings because our Code of Professional Responsibility requires that a lawyer represent his client zealously within the bounds of the law (Canon 7) and that the lawyer ordinarily not represent or act for conflicting interests in a transaction...." 303 Md. at 131, 492 A.2d 618. The attorney here could not represent both the individual interests of Goerlich and the corporation.

The appellant's second amended complaint failed to state a cause of action against Denick.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.